IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
─────────────────────────────────────────

DENNIS E. PEARSON, JR.,

                Petitioner,                OPINION AND ORDER

   v.                                                    24-cv-142-wmc

PETER JAEGER,[1]

                Respondent.
─────────────────────────────────────────

Petitioner Dennis E. Pearson, Jr. is incarcerated at New Lisbon Correctional Institution. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2007 amended judgment of conviction for two counts of repeated sexual assault of the same child. (Dkt. #1-2.) After screening the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court concluded that it was untimely but allowed Pearson an opportunity to show cause why this action should not be dismissed. (Dkt. #6.) For reasons explained below, Pearson has not shown that he is entitled to statutory or equitable tolling of the limitations period that governs federal habeas corpus review. Therefore, his petition must be dismissed.

BACKGROUND[2]

Pearson was charged in Langlade County Circuit Court Case No. 2005CR000148

───────────────

[1] Petitioner has filed a motion to substitute the interim warden at the New Lisbon Correctional Institution, Peter Jaeger, as the respondent. (Dkt. #7.) That motion will be granted. The clerk's office is directed to correct the docket sheet by terminating former respondent Dan Cromwell.

[2] Unless otherwise indicated, the following facts are taken from Pearson's petition (dkt. #1), the state court of appeals' decision affirming the denial of his postconviction motion for sentence modification or resentencing (dkt. #1-5), and his response to the show cause order (dkt. #6).

with repeatedly sexually assaulting his two stepdaughters. In 2006, a jury found him guilty of two counts of repeated sexual assault of the same child (counts one and two) and one count of second-degree sexual assault of a child (count three). Thereafter, the state circuit court granted Pearson's postconviction motion to vacate the conviction for second-degree sexual assault (count three), but denied his motion for a new trial on the remaining counts. In an amended judgment entered on May 31, 2007, the circuit court sentenced Pearson to concurrent terms of 12 years' imprisonment followed by a period of 8 years of extended supervision for a total sentence of 20 years. (Dkt. #1-1.)

The state court of appeals affirmed the amended judgment of conviction on May 20, 2008. *State v. Pearson*, 2009 WI App 99, 312 Wis. 2d 813, 754 N.W.2d 255. The Wisconsin Supreme Court denied Pearson's petition for review of that decision on September 11, 2008. *See State v. Pearson*, 2008 WI 124, 314 Wis. 2d 282. Pearson did not seek further review of his conviction by the United States Supreme Court. Four years later, in November of 2012, Pearson sought postconviction relief under Wis. Stat. § 974.06, alleging ineffective assistance from his trial and postconviction counsel and violations of *Brady v. Maryland*, 373 U.S. 83 (1963). The circuit court denied the motion, and the state court of appeals affirmed that decision on March 15, 2016. *State v. Pearson*, Appeal No. 2013AP988-CR, 2016 WL 8607582.

Pearson filed another postconviction motion with the circuit court several years later in March of 2021, when he sought a sentence modification or resentencing. The circuit court denied that motion and Pearson's subsequent motion for reconsideration. (Dkt. #1-3, 1-4.) The court of appeals affirmed both decisions on September 27, 2022. *State v.*

*Pearson*, Appeal No. 2021AP988-CR, 2022 WL 4475960. The Wisconsin Supreme Court denied Pearson's petition for review on February 21, 2023, and his motion for reconsideration on March 16, 2023.

Pearson executed and mailed his federal habeas petition to this court on March 6, 2024. (Dkt. #1 at 19.) In his sole ground for relief, Pearson argues that the state circuit court violated his right to due process by relying on inaccurate information concerning his criminal history at sentencing. (*Id*. at 15.) Specifically, Pearson contends that the circuit court improperly relied on a statement made by the prosecutor during the sentencing hearing about another sexual assault that Pearson allegedly perpetrated in Iron County, which Pearson's trial attorney disputed. (*Id*.) That claim, which Pearson first raised in his 2021 postconviction motion, was rejected by the circuit court as both procedurally barred and unfounded. (Dkt. #1-3, at 2.)

OPINION

A state prisoner seeking a federal writ of habeas corpus under 28 U.S.C. § 2254 must comply with the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1). For challenges to a state court judgment of conviction, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As noted above, the Wisconsin Court of Appeals affirmed Pearson's conviction and the Wisconsin Supreme Court denied his petition for review on September 11, 2008. Because Pearson did not file a petition for a writ of certiorari in the United States Supreme Court, his conviction became "final" for purposes of federal habeas review when the time

3

for filing a certiorari petition expired 90 days later, on December 10, 2008. *See Anderson v. Litscher*, 281 F.3d 672, 674 (7th Cir. 2002). The one-year statute of limitations began running the next day and expired one year later in 2009. As a result, Pearson's federal habeas petition, dated March 6, 2024, is more than 14 years late.

Pearson does not dispute that his petition is late, and the record confirms that he did not raise his pending claim until he filed his postconviction motion in 2021. (Dkt. #1, at 13; Dkt. #1-3, at 2.) The time during which a properly filed state postconviction motion concerning the judgment or claim is pending may toll the one-year limitation period under § 2244(d)(1). *See* 28 U.S.C. § 2244(d)(2). However, statutory tolling is inapplicable here because "a state proceeding that does not begin until the federal year has expired is irrelevant" and has no tolling effect. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009).

Equitable tolling of the limitations period is available only where a petitioner establishes that: (1) he was pursuing his rights with due diligence; and (2) extraordinary circumstances prevented him from timely filing his federal petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Pearson makes neither showing and offers no explanation for why he waited until 2021 to raise his claim for relief in state court. Moreover, although he points to correspondence from the years 2009 and 2011, detailing his efforts to obtain copies of records in support of a *Brady* claim, which he raised in state court in 2012, none of these requested records concern the allegedly inaccurate information conveyed by the prosecutor at the sentencing hearing, at which Pearson was presumably present and would have known about shortly after his conviction in 2006.

To the extent that Pearson did not understand the deadline requirements, a

prisoner's pro se status or lack of knowledge of the law is not the type of extraordinary circumstance that warrants equitable tolling. *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (prisoner's limited legal resources and lack of knowledge of the law did not constitute extraordinary circumstances warranting equitable tolling). Neither is a miscalculation of the deadline. *See Grifith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010) ("[T]his kind of negligence is not 'extraordinary' by any means"). Because Pearson fails to establish that tolling applies, his federal habeas petition will be dismissed as barred by the one-year statute of limitations.

## ORDER

IT IS ORDERED that:

1) The petition filed by Dennis E. Pearson (dkt. #1) is DISMISSED as barred by the one-year statute of limitations on federal habeas review.

2) Because reasonable jurists would not disagree that the petition is untimely, a certificate of appealability is DENIED.

3) Petitioner's motion to substitute Peter Jaeger as the respondent in place of Dan Cromwell (dkt. #7) is GRANTED.

Entered this 21st day of January, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge